UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH G. BUDINSKI,

                Plaintiff,         **DECISION AND ORDER**

         v.                              6:24-CV-06449 EAW

COMMONWEALTH OF MASSACHUSETTS
*Agent of* The Steamship Authority,

                Defendant.
_____

**INTRODUCTION**

*Pro se* plaintiff Kenneth G. Budinski ("Plaintiff") filed suit against the Commonwealth of Massachusetts, agent of The Steamship Authority[1] ("Defendant"), alleging a civil rights violation based on the Fourteenth Amendment. (Dkt. 1).

Presently before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1)-(3) and 12(b)(6), or, in the alternative, motion for a more definite statement under Federal Rule of Civil Procedure 12(e). (Dkt. 4). For the following reasons, the Court grants the motion to dismiss because venue in this District is improper.

---

[1] Defendant has submitted evidence that it is not a government department or entity, but a "body corporate and public instrumentality" headquartered in Massachusetts and its proper name is "Woods Hole, Martha's Vineyard and Nantucket Steamship Authority." (Dkt. 5-1 at ¶¶ 1, 4, 5). While not clear, it appears that Plaintiff may be disputing that contention with reliance on information obtained through "ChatGPT." (*See* Dkt. 9 at 4; Dkt. 9-1 at 28-29). Although not dispositive of the Court's resolution of the pending motion, Plaintiff's efforts to dispute the status of Defendant are unpersuasive, and accordingly, the Clerk of Court is directed to amend the caption by substituting "Woods Hole, Martha's Vineyard and Nantucket Steamship Authority" as the defendant.

- 1 -

## BACKGROUND

I.  **Factual Background**

Plaintiff alleges that on June 29, 2024, he boarded Defendant's ferry bound for Nantucket Island. (Dkt. 1 at 3). During the voyage, Plaintiff allegedly tripped over a large dog lying down in the aisle. (*Id.* at 3-4, 7). Plaintiff contends he received no assistance after telling a crew member that he was injured. (*Id.* at 7). Instead, Plaintiff was advised to get the dog owner's name. (*Id.*).

According to Plaintiff, when he requested the dog owner's name, he was surrounded by a crowd in the aisle and physically assaulted. (*Id.*). Plaintiff then fought his way out and returned to the first level. (*Id.*).

As a result of this incident, Plaintiff claims he sustained "life-altering and business injuries." (*Id.* at 4). Plaintiff believes he will "likely succumb to the health issues produced by the egregious negligence of" Defendant. (*Id.* at 7). Plaintiff seeks $100,000,000 for his losses. (*Id.* at 4, 5).

II. **Procedural Background**

Plaintiff commenced this action on July 18, 2024. (Dkt. 1). On August 14, 2024, Defendant filed a motion to dismiss based on lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim or, in the alternative, a motion for a more definite statement. (Dkt. 4; Dkt. 5 at 1). The Court granted Plaintiff a limited extension of time to file a response to Defendant's motion. (Dkt. 8). Plaintiff filed a response on September 27, 2024. (Dkt. 9). Defendant filed a reply on October 18, 2024. (Dkt. 12).

**DISCUSSION**

I. **Legal Standard**

"Because of the primacy of jurisdiction, 'jurisdictional questions ordinarily must precede merits determinations in dispositional order.'" *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 620 (E.D.N.Y. 2011), *aff'd*, 714 F.3d 714 (2d Cir. 2013) (quoting *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 582 F.3d 393, 397 (2d Cir. 2009)). But venue may be addressed without resolving issues of subject matter and personal jurisdiction because it is "not the type of merits-based dismissal which the Supreme Court has cautioned cannot take place before a court has assured itself of . . . jurisdiction." *Id.* (citation omitted); *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."). In other words, "courts may decide a challenge to venue before addressing the challenge to subject-matter jurisdiction in the interests of adjudicative efficiency." *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 602 (S.D.N.Y. 2016) (internal quotation marks omitted).

Venue in a federal court is generally governed by 28 U.S.C. § 1391[2] which provides, in relevant part:

---

[2]   The Court recognizes that the venue rules for admiralty claims are not found under § 1391. *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 373 (W.D.N.Y. 2018). But Plaintiff has not alleged admiralty jurisdiction as a basis for his claims. *See id.* at 372 (noting that plaintiff must explicitly designate the claim as admiralty claim "or else forego admiralty's special procedures and remedies" (quoting *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 69 (2d Cir.

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The [Second] [C]ircuit has cautioned district courts to 'take seriously the adjective "substantial,"' explaining that venue is proper only if '*significant* events or omissions *material* to the plaintiff's claim' occurred in the chosen district." *Micromem Techs., Inc. v. Dreifus Assocs. Ltd.*, No. 14-CV-9145 (LAK), 2015 WL 8375190, at *4 (S.D.N.Y. Dec. 8, 2015) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphases in original)). Venue can be proper in more than one district "as long as 'a substantial part' of the underlying events took place in those districts." *Glasbrenner*, 417 F.3d at 356. Courts are "required to construe the venue statute strictly." *Id.* at 357 (citing *Olberding v. Ill. Cent. R.R.*, 346 U.S. 338, 340 (1953)).

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss for improper venue. It is a plaintiff's burden to demonstrate that venue is proper. *See Wohlbach v. Ziady*, No. 17 CIV. 5790 (ER), 2018 WL 3611928, at *2 (S.D.N.Y. July 27,

---

2012)). The Court reaches no conclusion about whether it would have been proper for Plaintiff to attempt to seek to invoke the Court's admiralty jurisdiction. *Cf. Susana v. NY Waterway*, 662 F. Supp. 3d 477, 487 (S.D.N.Y. 2023) (rejecting claim that plaintiff's trip-and-fall action while disembarking from ferry fell within scope of admiralty jurisdiction, relying on two-part test in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533-34 (1995)).

2018) ("When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." (citation omitted)).  "When deciding a motion to dismiss for improper venue, the court may examine facts outside the complaint to determine whether venue is proper.  The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Palmore v. Napoli Shkolnik PLLC*, No. 23-CV-1616 (ER), 2024 WL 1330003, at *9 (S.D.N.Y. Mar. 28, 2024) (internal quotation marks and citation omitted).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

**II.     Venue is Not Proper in this District**

The complaint states that venue is proper in this District because "Plaintiff resides in Western District."[3] (Dkt. 1 at 1).  This is not a basis for venue under the relevant statute.

In his response to Defendant's motion to dismiss, Plaintiff provides two more reasons for venue in this District: (1) venue is proper because the "cause of the claim, animals in public transit occurs in all 50 states"; and (2) this District was specifically selected because of its "record for judicial excellence and demonstrated tolerance for pro se litigation."  (Dkt. 9 at 10).  But neither reason is a basis for venue under 28 U.S.C. § 1391(b).

---

[3]     Contrary to his pleading, Plaintiff states that he lives in Florida in his response to Defendant's motion to dismiss. (Dkt. 9 at 10).  The Court is unsure where Plaintiff resides. But Plaintiff's residence is irrelevant to the venue analysis.

Plaintiff's factual allegations relate to events occurring in Massachusetts (*see* Dkt. 1 at 3-7; *see also* Dkt. 5-1 at ¶¶ 6-8 (establishing that the ferry on which Plaintiff was purportedly injured carries passengers between Hyannis, Massachusetts, and Nantucket, Massachusetts, and never leaves the waters of the Commonwealth of Massachusetts during the voyage)); and Defendant is a Massachusetts corporation headquartered in Massachusetts (Dkt. 5-1 at ¶ 5; Dkt. 1-1 at 1 (noting that Plaintiff checked the box indicating that Defendant is incorporated and has its principal place of business in another state)). Therefore, under 28 U.S.C. § 1391(b), venue is plainly improper in this District.

"A district court may transfer a case, regardless of whether venue is proper in the transferor court, only when the transfer is in 'in the interest of justice.'" *Paroni v. Gen. Elec. UK Holdings Ltd.*, No. 19 CIV. 1034 (PAE), 2021 WL 5154111, at *1 (S.D.N.Y. Nov. 5, 2021) (citation omitted). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). Relevant factors to consider when exercising a court's discretion with respect to transfer include whether the plaintiff would face a statute of limitations bar if the case were dismissed rather than transferred, and whether the "merits of the case are 'clearly doomed.'" *Id.* (citation omitted).

The Court concludes that the interest of justice do not justify a transfer. The incident occurred less than six months ago, and thus it is hard to envision any potential statute of limitations implications from a dismissal as opposed to transfer. Moreover, the Court seriously questions the merits of Plaintiff's claim, but because it has resolved the pending motion on the basis of improper venue, it does not and need not resolve any merits-based

arguments. Nonetheless, under the circumstances, it would be an improper exercise of discretion to transfer venue—particularly where, by Plaintiff's own admission, he chose this District as a means of forum-shopping based on its purported tolerance for *pro se* parties.[4] *See Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (affirming district court's decision to dismiss versus transfer where plaintiff had engaged in forum-shopping). Accordingly, the Court exercises its discretion to dismiss the case based on improper venue.

## CONCLUSION

For all these reasons, the Court grants Defendant's pending motion to dismiss (Dkt. 4) on the ground that venue is improper in this District, and therefore this action is dismissed without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 3, 2024
       Rochester, New York

---

[4] This is not the first case where this Court has dismissed a case commenced by Plaintiff. *See Budinski v. Town of Greece Police Dep't*, No. 6:23-cv-06580, Dkt. 18 (W.D.N.Y. Feb. 22, 2024) (dismissing case brought by Plaintiff alleging that town was liable when its police officers did not arrest individuals who cut down trees on Plaintiff's property).